**LEWIS BRISBOIS BISGAARD & SMITH** LLP
MICHAEL K. JOHNSON, SB# 130193
    E-Mail: Michael.Johnson@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants
HCMM, INC. and JOHN MOSCICKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SAFE2CORE, INC., a California corporation, | CASE NO. 5:17-cv-02945-NC |
| Plaintiff, | **DEFENDANTS HCMM, INC. AND JOHN MOSCICKI'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| HCMM, INC., an Ohio corporation; JOHN MOSCICKI, an individual; and DOES 1 through 20, inclusive, | **[FRCP 12(b)(3)]** |
| Defendants. | **Date:           September 20, 2017** |
| | **Time:          1:00 p.m.** |
| | **Courtroom:   7, 4th Floor** |
| | Trial Date:    None Set |

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on September 20, 2017, at 1:00 p.m., or as soon

thereafter as the matter may be heard in the above-entitled court, located at 280 South 1st Street,

San Jose, California 95113, Defendants HCMM, INC. ("HCMM") and JOHN MOSCICKI ("Mr.

Moscicki") will and hereby do move for an order dismissing Plaintiff Safe2Core, Inc.'s

("Plaintiff") claims against HCMM and Mr. Moscicki.

HCMM and Mr. Moscicki's motion to dismiss is made pursuant to Federal Rule of Civil

Procedure Rule 12(b)(3) on the ground that Plaintiff's action was filed in the wrong forum

(improper venue) because there is a valid and enforceable forum selection clause in the contract at

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   issue that requires this dispute to be decided in the Hamilton County Court of Common Pleas,

2   Cincinnati, Ohio, with Ohio Law applying.

3       This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points

4   and Authorities and Declaration of Robert W. Belfield submitted herewith, the Reply

5   Memorandum, the papers and pleadings on file in this case, and any argument or other matters

6   presented at or before the time of any hearing on this matter.

7   DATED: August 14, 2017                     LEWIS BRISBOIS BISGAARD & SMITH LLP

8                                       By:   */s/ Michael K. Johnson*
                                           Michael K. Johnson
9                                          Attorneys for Defendants
10                                         HCMM, INC. and JOHN MOSCICKI

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Plaintiff's claims against Defendants HCMM and Mr. Moscicki arise from a Consulting

4 Services Agreement ("Agreement") signed by the parties on or about December 15, 2016.  Under

5 the Agreement, Plaintiff retained HCMM to provide management consulting services on the terms

6 set forth in the Agreement.  The Agreement is an integrated document, and includes a exclusive

7 forum selection clause that is enforceable under Federal law.  The Agreement states:

8          [I]t is specifically agreed that, in the event of litigation exclusive jurisdiction shall
          vest in the Hamilton County Court of Common Pleas Cincinnati, Ohio; Ohio law
9          applying.

10    Accordingly, pursuant to Fed. R. Civ. P. 12(b)(3), Defendants request dismissal of this

11 action on the ground that the action was filed in the improper venue.

12 ## II.    FACTUAL BACKGROUND

13    On a motion to enforce a forum selection clause made pursuant to Fed. R. Civ. P. 12(b)(3),

14 the pleadings need not be accepted as true, *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292

15 (9th Cir. 1998), and the Court may consider facts outside of the pleadings.  *Argueta v. Banco*

16 *Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

17    ### A.    Facts Alleged in the Complaint

18    Plaintiff's Complaint (ECF #1) alleges in pertinent part that Defendant HCMM, Inc. is a

19 consulting firm that provides services to identify profit-improving best business practices,

20 employee training, integration of business operation methodologies and solutions, and generate

21 business efficiency.  (Complaint, ¶ 9.)  Defendant John Moscicki is employed by HCMM as its

22 Senior Project Manager.  (Complaint, ¶ 10.)

23    Plaintiff alleges that in about December, 2016, Rob Belfield, a Senior Business Analyst for

24 HCMM, contacted Safe2Core, soliciting HCMM's services to Safe2Core.  (Complaint, ¶ 11.)

25    Plaintiff alleges on "information and belief [1]" that prior to entering into an agreement,

26

27 [1]    After *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff may plead facts on
(footnote continued)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 Defendants represented that HCMM's services would save Plaintiff money, increase cash flow,

2 and help Plaintiff become a substantially more profitable company.  Mr. Belfield allegedly

3 promised that the HCMM could implement its services and achieve the identified objectives

4 within 90 hours, including training for all of Plaintiff's office personnel.  Defendants allegedly

5 guaranteed Plaintiff's satisfaction for the services provided by HCMM.  (Complaint, ¶ 12.)

6     Plaintiff alleges on "information and belief" that on or about December 15, 2016, Plaintiff

7 and HCMM entered into a Consulting Services Agreement, which cited a statement of work (the

8 "Project Plan") to describe the scope of services provided by HCMM to Plaintiff. Plaintiff agreed

9 to pay HCMM at an hourly rate of $295.00 per hour and reasonable expenses.  (Complaint, ¶ 13.)

10 Plaintiff did not attach a copy of the Consulting Services Agreement to the Complaint.

11     Plaintiff alleges on "information and belief" that on or about December 20, 2016, Mr.

12 Moscicki met with Plaintiff and presented the Project Plan for the first time, and assured Plaintiff

13 that it was necessary to sign to begin Defendant HCMM's services and that it outlined the scope of

14 the project.  (Complaint, ¶ 14.)

15     Plaintiff alleges on "information and belief" that Defendants provided Plaintiff with

16 weekly progress reports, summarizing and listing status updates for work that Defendants were

17 providing for Plaintiff.  Additionally, each progress report also included an invoice time sheet.

18 Plaintiff alleges that Defendants did not perform the services described in the progress reports, and

19 that the invoices and timesheets provided did not reflect the time actually spent for the contracted

20 services under the Agreement.  (Complaint, ¶ 16.)

21     Plaintiff alleges on "information and belief" that on or about March 17, 2017, Plaintiff

22 terminated the Agreement.  (Complaint, ¶ 17.)    During the period from December 15, 2016

23 _____

24 information and belief only "where the facts are peculiarly within the possession and control of the
defendant or where the belief is based on factual information that makes the inference of
25 culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928-29 (9th Cir. 2017); *Arista
Records*, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).  Here, the facts pleaded on information
26 and belief in Plaintiff's Complaint are not particularly in Defendants' possession or control, and
27 are not based on inferences.

28



DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  [FRCP 12(b)(3)]

1  through March 17, 2017, Plaintiff paid Defendants $78,548.83.  (Complaint, ¶ 18.)   On April 20,

2  2017, Plaintiff demanded return of funds paid to HCMM.  (Complaint, ¶ 19.)

3  　　Plaintiff pleads causes of action for (1) intentional misrepresentation, (2) negligent

4  misrepresentation and (3) concealment, all based on the allegation that Defendants stated orally to

5  Plaintiff when the Agreement was entered into that Defendants would "complete the scope of

6  services to increase Plaintiff's cash flow and substantially improve Plaintiff's profitability within

7  90 hours of service, and that satisfaction was guaranteed."  (Complaint, ¶¶ 21, 29 and 36.)

8  　　Plaintiff also pleads a cause of action for breach of contract based on the allegation that the

9  parties entered into the Consulting Services Agreement, that Plaintiff fully performed or any non-

10  performance was excused by Defendants, that Defendants breached the contract by failing to

11  perform the services promised, and that Plaintiff was harmed in the amount of $78,538.83.

12  (Complaint, ¶¶ 41-44.)

13  　　**B.　　Additional Facts**

14  　　Defendants submit herewith the Declaration of Robert Belfield, with additional

15  information about the business relationship of the parties and the Consulting Services Agreement

16  here in question.

17  　　Mr. Belfield authenticates the Consulting Services Agreement between Plaintiff and

18  HCMM which is referred to (but not included) in Plaintiff's Complaint.  The Consulting Services

19  Agreement includes a forum selection clause which states:

20  　　　AGREED, that this printed document embodies the entire working agreement of
       the parties relative to the consulting services to be rendered by HCMM Inc.; that
21  　　　there are no other understandings or agreements, verbal or otherwise, existing
       between the parties; except as may be expressly set forth herein.   Further, it is
22  　　　*specifically agreed* that, *in the event of litigation exclusive jurisdiction shall vest in*
       *the Hamilton County Court of Common Pleas Cincinnati, Ohio*; Ohio law applying.

23

24  (Belfield Decl., ¶¶ 7-9, Exh. A, p. 2 [emphasis added].)

25  　　As additional context, Plaintiff Safe2Core's business services include Ground Penetrating

26  Radar (GPR), concrete scanning, concrete cutting and coring, and underground utility locating and

27  mapping.  See, http://www.safe2core.com/.  Safe2Core has offices and does business in California

28  and Florida.  Its websites state:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6678-6380.1                                                          5                                          5:17-cv-02945-NC
DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  [FRCP 12(b)(3)]

Safe2Core has offices in San Jose, California and Miami, Florida providing concrete scanning, concrete cutting, concrete coring and utility locating for commercial and residential projects., Our Primary focus is in the states of California and Florida but we will travel as needed for specific projects. If you have a project you would like a quote for, please contact us.

(California location: http://www.safe2core.com/our-locations/.)

## III.    LEGAL DISCUSSION

### A.    Legal Standards

Federal law governs the enforceability of forum selection clauses in a diversity action.  *Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 513 (9th Cir. 1988).

Under Fed. Rule of Civ. Proc. rule 12(b)(3), the defense of improper venue may be raised by a motion to dismiss. *Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996) ("*Argueta*").

The Supreme Court has held that forum-selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 10, 15, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972); see also, *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991).  Forum selection clauses should be honored "absent some compelling and countervailing reason." *Bremen*, 407 U.S. at 12. The party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Id*. at 15.

Non-signatory employees (such as Mr. Moscicki) and other contract beneficiaries are entitled to the protections afforded by a forum selection clause.  "A range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *TAAG Linhas Aereas de Angola v. Transamerca Airlines, Inc*., 915 F.2d 1351, 1354 (9th Cir. 1990) (quoting *Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 514 n. 5 (9th Cir. 1988)).  See also, *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F.Supp.3d 1109, 1119 (E.D. Cal. 2014) ("[A] person may enforce a forum selection clause he did not sign if he was a third party beneficiary of the contract, a successor in interest to the contract, or an agent intended to benefit from the contract[.]")

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    The Ninth Circuit has stated that a forum selection clause will only set aside only if:

2    (1) its incorporation into the contract was the result of fraud, undue influence, or

3    overweening bargaining power;

4    (2) the selected forum is so gravely difficult and inconvenient that the complaining party

5    will for all practical purposes be deprived of its day in court; or

6    (3) enforcement of the clause would contravene a strong public policy of the forum in

7    which the suit is brought.

8    *Argueta*, 87 F.3d at 325.  See, *Amberger v. Legacy Capital Corp.*, 2017 U.S. Dist. LEXIS

9    8392, at *7-10 (N.D. Cal. Jan. 20, 2017). [2]

10   **B.    The Forum Selection Clause In The Consulting Services Agreement Between**

11          **Safe2Core and HCMM, Inc. Should Be Enforced**

12   In the Consulting Services Agreement, the parties "specifically agreed that, in the event of

13   litigation exclusive jurisdiction shall vest in the Hamilton County Court of Common Pleas

14   Cincinnati, Ohio; Ohio law applying."

15   This forum selection clause is prima facie valid and enforceable, and it is Plaintiff's burden

16   to establish some "compelling and countervailing reason" why enforcement would be improper

17   under the circumstances.

18   None of the circumstances described in *Argueta* apply here. In regard to fraud, undue

19   influence or overweening bargaining power, any such contention must relate to the forum

20   selection clause itself, not to the contract as a whole.  "[T]he Supreme Court has noted that simply

21   alleging that one was duped into signing the contract is not enough. … For a party to escape a

22   forum selection clause on the grounds of fraud, it must show that 'the inclusion of that clause in

23   _____

24   [2]    California courts also approve forum selection clauses because they "play an important role in both national and international commerce" (*Lu v. Dryclean-U.S.A. of California, Inc.*, 11

25   Cal. App. 4th 1490, 1493 (1992)), and "provide a degree of certainty, both for business and their customers, that contractual disputes will be resolved in a particular forum." *Net2phone, Inc. v.*

26   *Superior Court*, 109 Cal. App. 4th 583, 588, (2003).  The same is true for Ohio. See, *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp. Inc.*, 66 Ohio St.3d 173, 176, 1993 Ohio

27   203, 610 N.E.2d 987 (1993) (forum selection clauses are valid and enforceable under Ohio law).

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-6678-6380.1                                    7                          5:17-cv-02945-NC
DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  [FRCP 12(b)(3)]

the contract was the product of fraud or coercion'." *Batchelder v. Nobuhiko Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998), quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)).  See also, *Riley v. Kingsley Underwriting Agencies*, 969 F.2d 953, 960 (10th Cir.) ("A plaintiff seeking to avoid a choice provision on a fraud theory must … plead fraud going to the specific provision; the teachings of *Scherk*, interpreting *M/S Bremen*, require no less."), *cert. denied*, 506 U.S. 1021 (1992); *Moses v. Business Card Express*, 929 F.2d 1131, 1138 (6th Cir.) (to render a forum-selection clause unenforceable, "there must be a well-founded claim of fraud in the inducement of the clause itself, standing apart from the whole agreement"), *cert. denied*, 502 U.S. 821(1991).

This was not an adhesion contract or anything close to it.  Rather, it was an arm's length transaction between businesses of roughly equivalent bargaining power.  Plaintiff has no basis whatsoever to argue undue influence or that it lacked bargaining power.  See, e.g., *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1029 (9th Cir. 2016) (recognizing that California courts "uphold[ ] forum selection clauses … even in adhesion contracts …"); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004) ("[A] differential in power or education on a non-negotiated contract will not vitiate a forum selection clause."); *S & J Rentals, Inc. v. Hilti, Inc.*, 2017 U.S. Dist. LEXIS 46000, at *7 (E.D. Cal. Mar. 27, 2017) (allegations that an agreement's terms were "non-negotiable" and thus "part of a contract of adhesion" are not enough to show that the forum selection clause was unreasonable due to overweening bargaining power).

Likewise, the selected forum – the Hamilton County Court of Common Pleas in Cincinnati, Ohio – is not so "gravely difficult and inconvenient" that Plaintiff will for all practical purposes be "deprived of its day in court."  Plaintiff does business in California and Florida, and accepts work proposals from other jurisdictions as well.  Plaintiff has no basis for any such argument.  See, *S & J Rentals, Inc. v. Hilti, Inc.*, 2017 U.S. Dist. LEXIS 46000, at *7-9 (E.D. Cal. Mar. 27, 2017) (rejecting the argument that it would be "gravely difficult," and "prohibitively expensive" due to the increased costs of litigating in Oklahoma because plaintiff did not meet the high burden of showing that it would essentially be denied of its day in court); *Performance Chevrolet, Inc. v. ADP Dealer Servs.*, 2015 U.S. Dist. LEXIS 80774, at *6-7 (E.D. Cal. June 18,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  2015) ("Plaintiff has the burden of proving that the difficulty and inconvenience associated with

2  transfer is so severe that it would effectively deprive Plaintiff of its day in court, and the

3  aforementioned allegations [of increased litigation costs and logistical difficulties with witnesses]

4  do not rise to this level.").

5       There is no public policy that might preclude enforcement of the parties' agreement.  This

6  is a simple dispute involving a breach of contract between two businesses.

7  **IV.  CONCLUSION**

8       By agreement of the parties, this dispute belongs in the Hamilton County Court of

9  Common Pleas.  Because the action was filed in an improper venue, it ought to be dismissed.

10

11  DATED: August 14, 2017       LEWIS BRISBOIS BISGAARD & SMITH LLP

12

13       By:  */s/ Michael K. Johnson*

14       Michael K. Johnson
     Attorneys for Defendants

15       HCMM, INC. and JOHN MOSCICKI

16

17

18

19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT  [FRCP 12(b)(3)]