UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFE2CORE, INC., <br>     Plaintiff, <br> v. <br> HCMM, INC., et al., <br>     Defendants. | Case No. 17-cv-02945 NC <br><br> **ORDER GRANTING MOTION TO DISMISS FOR *FORUM NON CONVENIENS*** <br><br> Re: Dkt. No. 6 |

    Plaintiff Safe2Core, Inc. brings this breach of contract action against defendant HCMM, Inc., a business consulting firm. HCMM initially moved to dismiss Safe2Core's complaint because it was filed in an improper venue. However, the Court converted HCMM's improperly filed motion to dismiss for improper venue into a *forum non conveniens* motion. Dkt. No. 16. The Court gave Safe2Core the opportunity to respond to the conversion of the motion, and Safe2Core filed a supplemental brief. *Id*.

    The Court reviewed all of the filings by HCMM and Safe2Core and GRANTS HCMM's *forum non conveniens* motion. This case is DISMISSED WITHOUT PREJUDICE to it being refiled in the Hamilton County Court of Common Pleas, Cincinnati, Ohio.

Case No. 17-cv-02945 NC

## I. BACKGROUND

This case arose from a contract between Safe2Core and HCMM for HCMM to provide Safe2Core with its business consulting services. Dkt. No. 1 at 3. The contract contained the following forum selection clause: "it is specifically agreed that, in the event of litigation, exclusive jurisdiction shall vest in the Hamilton County Court of Common Pleas, Cincinnati, Ohio; Ohio law applying." *Id.* at 6. Safe2Core alleges that HCMM did not complete the work and provide the services promised in the contract. Dkt. No. 1 at 4. Safe2Core then terminated the agreement with HCMM, and demanded HCMM return the $78,548.83 Safe2Core had paid it. *Id.* at 4-5. Safe2Core then filed this lawsuit for (1) intentional misrepresentation, (2) negligent misrepresentation, (3) concealment, and (4) breach of contract.

Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 11, 12.

## II. LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co. Inc. v. U.S. Dist. Court*, 134 S. Ct. 568, 580 (2013).

*Forum non conveniens* allows a court to decline to exercise its jurisdiction in cases where litigation in the forum would place an undue burden upon one of the parties. *Forum non conveniens* is an "exceptional tool to be used sparingly[.]" *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). Yet the *forum non conveniens* determination ultimately lies in the court's discretion. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). It is the moving party's burden to make "a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Ravelo*, 211 F.3d at 514. "A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th

Case No. 17-cv-02945 NC 2

1 Cir. 2002).

"In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine*, 134 S. Ct. at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)).

Where there is a valid forum selection clause, the court's usual *forum non conveniens* analysis changes in three ways. *Id*. First, the court may accord no weight to the plaintiff's chosen forum; "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id*. at 581-82. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id*. at 582. The public interest factors that a court may consider are "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum." *Id*. (quoting *Piper Aircraft*, 454 U.S. at 241 n.6) (alteration in original).

The party challenging the forum selection clause must show that the "public-interest factors overwhelmingly disfavor a transfer." *Id*. at 583. "In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id*.

### III. DISCUSSION

#### A. The Forum Selection Clause Is Enforceable.

The heart of Safe2Core's opposition to HCMM's *forum non conveniens* motion

concerns the enforceability of the forum selection clause.[1] This is because if the clause is invalid and therefore unenforceable, the burden shifting analysis in *Atlantic Marine* does not apply. 134 S. Ct. at 581. In its supplemental brief in response to the motion, Safe2Core apparently concedes that if the *Atlantic Marine* factors were applied, the motion to transfer would have to be granted. Dkt. No. 17.

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Such unreasonable circumstances include the following:

> (1) [The forum selection clause's] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (internal citations and quotation marks omitted).

Here, the Court is unpersuaded that the forum selection clause was incorporated into the contract as a result of fraud, undue influence, or overweening bargaining power. *Id*. Safe2Core argues that it was induced into entering into the *underlying contract* by fraud, but this argument does not go to whether the forum selection clause was agreed to as

---

[1] Safe2Core argues that the forum selection clause is actually a venue selection clause, and so a *forum non conveniens* motion is inappropriate. Dkt. No. 17 at 5. The Court finds this argument unpersuasive. Safe2Core quotes language in *Alexander v. Superior Court*, a case in which the clause at issue was explicitly a state county venue selection clause. 114 Cal. App. 4th 723, 726-27 (2003) ("4.12 Choice of Law: The construction, interpretation, and performance of this Agreement shall be governed by the laws of the State of California and each party specifically stipulates to *venue* in Santa Clara County, California." (emphasis added)). That is not the case here, and law regarding venue shopping in California in contravention with California state law has nothing to do with a forum selection clause specifying Ohio as the forum state, and also specifying the county in which the case must be brought. Safe2Core cannot change the fact that Ohio, of which Hamilton County is a part, *is* "a place of jurisdiction." *Forum*, BLACK'S LAW DICTIONARY (9th ed. 2009). Because the clause at issue here is a forum selection clause, "[a] contractual provision in which the parties establish the place (such as the country, state, or type of court) for specified litigation between them[,]" the reasoning in *Alexander* is irrelevant here. *Forum-selection clause*, BLACK'S LAW DICTIONARY (9th ed. 2009).

Case No. 17-cv-02945 NC    4

a result of fraud. *Id.* Safe2Core's vaguely made allegations regarding duress regarding the underlying contract are likewise irrelevant here. Dkt. No. 14 at 6. Safe2Core further asserts that the forum selection clause is "crudely-drafted, arguably a grammatically unintelligible sentence." *Id.* The Court had no such difficulty discerning the clause's meaning on its first reading. Safe2Core's fraud arguments go towards the *other* clauses in the contract, not to the forum selection clause.[2] This element weighs towards HCMM. Safe2Core does not address the second and third elements set forth in *Argueta*, either in its opposition, or in its supplemental brief, except to point out that Cincinnati is 2,500 miles away. The Court considers waived any other argument regarding the inconvenience of the Ohio court or arguments regarding the public policy of California. *Argueta*, 87 F.3d at 325.

Given that the *Argueta* factors weigh in favor of finding the forum selection clause enforceable, the Court next considers *Atlantic Marine*.

### B. The Public Interest Factors Weigh In Favor of HCMM.

The pleadings by both parties are barren of substantive analysis of the *Atlantic Marine* factors. This failure to set forth arguments prejudices Safe2Core, as it is Safe2Core's burden to show why the forum selection clause should not be enforced.

The public interest factors the Court may consider are "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.' The Court must also give some weight to the plaintiffs' choice of forum." *Atlantic Marine*, 134 S. Ct. at 581 n.6 (quoting *Piper*

---

[2] In its supplemental brief, Safe2Core argues the Court should reject the forum selection clause because it was part of an adhesion contract under California law. Dkt. No. 17 at 4-5. Safe2Core also argues the Court should apply California law to the interpretation of the contract. Based on the language of the forum selection clause, however, the Court disagrees. Yet even applying California law, the forum selection clause *would* be enforceable, as HCMM points out. *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1028 (9th Cir. 2016) (collecting California state court cases). Safe2Core's authorities do not stand for the proposition that forum selection clauses in adhesion contracts are never enforceable, and its argument lacks factual allegations regarding this issue.

Case No. 17-cv-02945 NC  5

*Aircraft*, 454 U.S. 235, 241 n.6). The party challenging the forum selection clause must show that the "public-interest factors overwhelmingly disfavor a transfer." *Id*. at 583.

Safe2Core did not brief these factors, but the Court will consider them. First, the Court is unfamiliar with Ohio law, which it would have to apply to interpret the contract. *Id*. at 581 n.6. Further, the Court, like all courts in this district, is busy with many matters. Second, the events in this case occurred in this district, so this factor weighs in favor of retaining the case. *Id*. The third factor, the interest in having the case decided in a forum that is at home with the law suggests that this case should be heard in Ohio, because the contract will be construed in accordance with Ohio state law. *Id*. All of Safe2Core's claims are state law claims. Fourth, Safe2Core's choice in filing this case here is a reason to keep this case in the Northern District of California. *Id*. In weighing these factors, the Court finds they are insufficient to overwhelmingly disfavor granting HCMM's motion. *Id*. at 583. Thus, HCMM's *forum non conveniens* motion is GRANTED.

Lastly, the Court notes an issue that neither party briefed: the clause's limitation of lawsuits filed under the contract to Ohio state court. Under Ninth Circuit law, such a limitation is permissible. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009) ("We hold that the forum selection clause at issue here—designating the courts of Virginia—means the state courts of Virginia only; it does not also refer to federal courts in Virginia"). As a result, rather than transfer this case to an Ohio federal court, the Court dismisses this case without prejudice to refiling in Ohio state court.

**IV. CONCLUSION**

The Court GRANTS HCMM's motion and DISMISSES this case WITHOUT PREJUDICE to it being refiled in the Hamilton County Court of Common Pleas, Cincinnati, Ohio.

**IT IS SO ORDERED.**

Dated: September 20, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-02945 NC         6